**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ARTEMIO VILLA HERNANDEZ,** | ) | |
| **ID # 53859-177,** | ) | |
|        **Movant,** | ) | **No. 3:20-CV-1850-M-BH** |
| **vs.** | ) | **No. 3:16-CR-94-M (1)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|        **Respondent.** | ) | **Referred to U.S. Magistrate Judge**[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 13, 2020 (doc. 2).  Based on the relevant findings and applicable law, the motion should be **DENIED** with prejudice as barred by the statute of limitations.

## I.    BACKGROUND

On March 16, 2016, Artemio Villa Hernandez (Movant), a current inmate in the federal prison system, was charged by indictment with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 (count one).  (*See* doc. 56).[2]  Pursuant to a plea agreement, Movant pled guilty to count one of the indictment on July 5, 2016.  (*See* docs. 67, 68, 71.)  On June 30, 2017, he was sentenced to 135 months' imprisonment, to be followed by a four-year term of supervised release.  (*See* docs. 95, 104.)  Movant appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) on July 11, 2017.  (*See* doc. 96.)  The Fifth Circuit dismissed the appeal on April 16, 2018, but remanded the case for correction of a clerical error in the judgment.  (*See* doc. 112.)  An amended judgment reflecting

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.
[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-94-M(1).

the clerical correction was entered on July 31, 2018. (*See* doc. 114.) Movant did not appeal the amended judgment to the Fifth Circuit.

Movant now challenges his conviction and sentence on grounds that he was denied effective assistance of counsel because: (1) his trial counsel failed to challenge, dispute, or object to sentencing enhancements made on the basis of the type of drug for which Petitioner was convicted; (2) his trial counsel failed to adequately engage in the plea agreement process and did not accurately inform Petitioner about the possible sentences he could receive; and (3) his trial counsel failed to argue for a downward variance based on the sentencing factors of 18 U.S.C. § 3553(a). (*See* doc. 2).

## II.    STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2255(f).  Regarding § 2255(f)(1), Movant's conviction became final on August 14, 2018, when the fourteen-day period for appealing the amended criminal judgment expired.  *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of the time to file an appeal).  He does not allege that government action prevented him from filing a § 2255 petition earlier, and he has not alleged any newly recognized right.  *See* 28 U.S.C. §§ 2255(f)(2), (3).

Movant alleges that his trial counsel was ineffective during the plea negotiations and at sentencing.  His claims became known or could have become known through the exercise of due diligence prior to the date his conviction became final.  Because the date his conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, August 14, 2018.  Movant did not file his § 2255 motion until nearly 23 months later, so it is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'"  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."  *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  In the context of a habeas petition filed by a state prisoner, the Supreme Court has

stated that a habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant provides no basis for equitably tolling the limitations period. Because he has not met his burden to establish circumstances warranting equitable tolling, his § 2255 motion should be denied as untimely.

### III.    RECOMMENDATION

The *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 13, 2020, should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 20th day of July, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5